UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHNNY L. CROWELL, JR., individually and on behalf of those similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>)<br>) |
| v. | ) CASE NO. 1:12-cv-1219<br>) |
| STRYKER SALES CORPORATION, | )<br>) |
| Defendant. | )<br>) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Johnny L. Crowell, Jr. ("Crowell" or "Plaintiff"), individually and on behalf of those similarly situated, brings this action against Stryker Sales Corporation ("Defendant"), and shows as follows:

**OVERVIEW**

1.      Defendant failed to pay Plaintiff and those similarly situated in accordance with the Fair Labor Standards Act ("FLSA") by failing to pay additional overtime compensation owed as a result of deferred commission payments.  It was Defendant's policy and practice to unlawfully exclude commissions earned from the regular rate when calculating the overtime wages due to Plaintiff and those similarly situated.  Plaintiff brings this action pursuant to 29 U.S.C. § 216(b).

**PARTIES**

2.      Plaintiff is an individual who resides in Marion County, Indiana.  He has been employed by Defendant within the meaning of the FLSA during the three year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Crowell is an individual employee

who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. Crowell's written consent is attached as Exhibit 1.

3. Defendant is a Michigan corporation doing business in Indiana. Defendant acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and other similarly situated employees. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## JURISDICTION

4. This Court has jurisdiction over Defendant because Plaintiff brings a claim arising under federal law.

## VENUE

5. Venue is appropriate in the Southern District of Indiana pursuant to 29 U.S.C. § 216(b).

## COVERAGE

6. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

7. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTS

8. Defendant employs Crowell as a Field Service Representative in the state of Indiana.

9. Crowell was hired on March 7, 2011.

10. As a Field Service Representative, Crowell is paid an hourly rate, plus earned commissions. Crowell's commissions are paid on a deferred basis, approximately once per month.

11. Crowell has not been fully compensated for all overtime earned because Defendant has failed to pay additional overtime compensation due by reason of inclusion of the commission in his regular rate of pay.

## COLLECTIVE ACTION FACTUAL ALLEGATIONS

12. Upon information and belief, Defendant employs approximately 90 Field Service Representatives throughout the United States.

13. Crowell is similarly situated to other current and former Field Service Representatives employed by Defendant in that they share similar titles, job duties, and compensation schemes, including the payment of commissions.

14. Pursuant to its policy and practice, Defendant failed to fully pay overtime wages due to all current and former Field Service Representatives employed by Defendant within the last three years ("Members of the Class") because Defendant failed to include earned commissions in calculating the amount of overtime due to Members of the Class.

15. Application of the aforementioned policy and practice of Defendant was not dependent on the personal circumstances of individual Field Service Representatives, but rather affected Plaintiff and all Members of the Class. Application of this policy or practice does not

depend on the personal circumstances of the Plaintiff or those joining this lawsuit.  Rather, the same policy or practice that resulted in the non-payment of overtime applied to Plaintiff and all Members of the Class.   Accordingly, the class is properly defined as:

> **All current and former Field Service Representatives employed by Defendant within three years prior to the filing of this Complaint.**

16. Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to fully compensate Plaintiff and the Members of the Class for overtime hours at the rate of one and one half times their regular rate.

## FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

17. During the relevant time period, Defendant has violated and is violating the provisions of 29 U.S.C. §207 by employing Plaintiff and the Members of the Class in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA without compensating them at the prescribed rate of one and one half times their regular rate.  Defendant has acted willfully in failing to pay Plaintiff and the Members of the Class in accordance with the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, demands:

a. An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit), in addition to liquidated damages equal in amount to the unpaid compensation due to Plaintiff;

b. An Order awarding Plaintiff (and those who have joined in the suit) the costs of this action;

4

      c.      An Order awarding Plaintiff (and those who have joined in the suit) his attorney's fees;

      d.      An Order awarding Plaintiff (and those who have joined in the suit) pre- and post-judgment interest at the highest rates allowed by law; and

      e.      An Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)

s/ Andrew G. Jones
Andrew G. Jones (#23020-49)

GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:  (317) 706-1100
Facsimile:  (317) 616-3336
E-Mail:  pgibbons@gibbonsjones.com
        ajones@gibbonsjones.com

Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of others similarly situated, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr. (#19353-49)
Andrew G. Jones (#23020-49)
GIBBONS JONES, P.C.
Two Meridian Plaza
10401 North Meridian Street, Suite 130
Indianapolis, Indiana 46290
Telephone:   (317) 706-1100
Facsimile:   (317) 616-3336
E-Mail:      pgibbons@gibbonsjones.com
             ajones@gibbonsjones.com

Attorneys for Plaintiff