UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHNNY L. CROWELL, JR.,<br>individually and on behalf of those<br>similarly situated,<br><br>           Plaintiff,<br><br>v.<br><br>STRYKER SALES CORPORATION,<br><br>           Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) CASE NO. 1:12-cv-1219-JMS-DML<br>)<br>)<br>)<br>) |

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT**

Plaintiff, Johnny L. Crowell, Jr. ("Crowell" or "the Representative Plaintiff"), individually and on behalf of others similarly situated and Defendant, Stryker Sales Corporation ("Defendant"), by their respective counsel, hereby jointly seek approval of the parties' Settlement Agreement and Release ("Agreement") referenced as Exhibit A.  The Parties respectfully submit that the terms of the settlement are fair, reasonable, and resolve a *bona fide* dispute between the parties with respect to liability and damages.

       1.       On August 29, 2012, Crowell filed the instant action (the "Action").

       2.       In the Action, Crowell alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et. seq.* individually and on behalf of other similarly-situated employees.  Crowell sought unpaid wages, including overtime, liquidated damages, attorneys' fees and costs on behalf of himself and other employees who affirmatively opted-in to a certified collective action.

       3.       On September 19, 2012, the Representative Plaintiff filed a Motion for Conditional Certification and Notice to Potential Plaintiffs.  On November 16, 2012, the Parties

jointly filed a Stipulation and Order Concerning Notice ("Stipulation"). This Court approved the Stipulation on November 20, 2012. Shortly thereafter, Plaintiff sent the court-approved Notice to 130 putative members of the collective class. Six individuals, including the Representative Plaintiff (collectively referred to as "Plaintiffs"), ultimately filed consents to join the Lawsuit.

4. The Parties have concluded, based upon their investigation, and taking into account the sharply contested factual and legal issues involved, the expense and time necessary to prosecute the Action through trial, the risks and costs of further prosecution of the Action, the uncertainties of complex litigation, and the substantial benefits to be received pursuant to this Agreement, that a settlement on the terms set forth herein is fair, reasonable, and adequate, and in the best interests of the parties.

5. Settlements of FLSA claims must be approved by a Court of competent jurisdiction. *See, e.g., Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986), citing *Lynn's Food Stores, Inc. v. Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

6. The settlement reached by the parties represents a fair, just and reasonable resolution of the claims alleged by Plaintiffs under the FLSA.

7. The settlement reached by the parties is the result of extensive investigation and negotiations between the parties to resolve this matter. The settlement figures agreed upon bear a reasonable and fair relationship to the amounts alleged by Plaintiffs in this matter, and also take into consideration the inevitable risks of litigation and the defenses that would be raised by Defendant if this matter were to proceed.

8. The settlement was negotiated at arm's length, by experienced counsel concerning *bona fide* disputes between their clients with respect to liability and the amount due under the

FLSA for alleged unpaid wages, overtime compensation, liquidated damages, and attorneys' fees.

9.      Factors indicating fairness are present, including the fact that the parties thoroughly investigated the issues; that the parties conserved substantial time and expense that would have been required had the case gone to trial; and that, by settling, Plaintiffs are assured a reasonable recovery on their claims, thereby avoiding the uncertainties associated with further litigation.

WHEREFORE, the parties respectfully request the Court grant their Joint Motion, enter the Proposed Order attached as Exhibit B approving the Agreement and dismissing the case with prejudice, and afford the parties all other appropriate relief.

Dated: August 22, 2013

                                                         Respectfully submitted,

/s Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr.
GIBBONS JONES, P.C.
Two Meridian Plaza
10401 N. Meridian Street, Suite 130
Indianapolis, IN 46290
Telephone:    (317) 706-1100
Facsimile:    (317) 616-3336
E-Mail:       pgibbons@gibbonsjones.com

**ATTORNEYS FOR PLAINTIFFS**

s/ Arthur J. Rooney
Arthur J. Rooney
SEYFARTH SHAW LLP.
131 S. Dearborn St., Suite 2400
Chicago, IL 60603
Telephone:    (312) 460-5530

          Facsimile:   (312) 460-7530
          E-Mail:      ajrooney@seyfarth.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served this 22nd day of August 2013 by way of the Court's Electronic Case Filing system upon the following counsel of record:

Noah A. Finkel
Arthur J. Rooney

SEYFARTH SHAW LLP
nfinkel@seyfarth.com
ajrooney@seyfarth.com

          /s/ Philip J. Gibbons, Jr.